**The below described is SIGNED.**

Dated: October 2, 2013

/s/ J T Marker

**JOEL T. MARKER**
**U.S. Bankruptcy Judge**



# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| In re: | Case No. 11-37267 |
| CHRISTOPHER LEWIS DURLING, | |
| Debtor. | Chapter 7 |
| ENTITLE INSURANCE COMPANY, | Adv. No. 12-2127 |
| Plaintiff, | |
| v. | Judge Joel T. Marker |
| CHRISTOPHER LEWIS DURLING, | |
| Defendant. | |

## MEMORANDUM DECISION

On March 7, 2011, EnTitle Insurance Company sued Christopher Durling and other defendants in the United States District Court for the District of Colorado, alleging state law claims of breach of contract, fraudulent concealment, and fraudulent transfer. Not long thereafter, the parties entered into a Settlement and Release Agreement on September 30, 2011. The Settlement Agreement provided that the parties agreed to the entry of a consent judgment,

1

and on October 14, 2011, the District Court entered a Consent Judgment against Durling and the other defendants for $3.9 million.

Durling filed his petition under chapter 7 of the Bankruptcy Code on December 6, 2011, and EnTitle filed a timely complaint alleging that its claim should be excepted from discharge under 11 U.S.C. §§ 523(a)(2)(A), (a)(4), and (a)(6).[1] EnTitle moved for summary judgment on its nondischargeability claims, arguing that the Consent Judgment was entitled to collateral estoppel effect, precluding Durling from relitigating—and preventing this Court from reconsidering—the factual issues determined in the District Court proceeding. EnTitle also argues that Durling admitted, through the Consent Judgment, to facts that establish the elements of EnTitle's nondischargeability claims.

Durling admits signing the Consent Judgment, but argues that it is not entitled to preclusive effect. Durling raises four principal arguments on his behalf. First, the elements of the claims pled in the District Court are not identical to, and therefore cannot establish, the elements of EnTitle's nondischargeability claims. Second, the Consent Judgment does not specifically stipulate to a judgment on a cause of action for fraud; instead, it only stipulates to judgment "on the claims asserted." Third, the Consent Judgment lacks any findings of fact on the issues presented in the District Court proceeding, and Durling asserts that it does not operate as an admission of every fact in EnTitle's District Court complaint. Fourth, the Consent Judgment states that it was entered into "prior to a trial on the merits[,]" indicating that the issues raised in the District Court case were not litigated.

In addition, Durling argues that summary judgment should not be granted because there is a genuine dispute on the issue of damages. Durling contends that an undetermined amount of

---

[1] All future statutory references are to Title 11 of the United States Code unless otherwise indicated.

2

the $3.9 million judgment is attributable to EnTitle's breach of contract claim, which would be dischargeable in bankruptcy.

The Court held a hearing on EnTitle's Motion for Summary Judgment on September 24, 2013 and took the matter under advisement. After considering the evidence properly before the Court, considering the arguments of counsel, and conducting an independent review of applicable law, the Court issues the following Memorandum Decision denying EnTitle's Motion for Summary Judgment.

## I. JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and § 157. This proceeding concerns the dischargeability of a particular debt and is therefore a core proceeding under 28 U.S.C. § 157(b)(2)(I). Notice of the hearing was properly given, and venue is appropriately laid in this District under 28 U.S.C. § 1409.

## II. DISCUSSION

*A. Summary Judgment Standard*

Under Fed. R. Civ. P. 56(a), made applicable to adversary proceedings by Fed. R. Bankr. P. 7056, the Court is required to grant a motion for summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[2] Substantive law determines which facts are material and which are not. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."[3] Whether a dispute is "genuine" turns on whether "the evidence is such that a reasonable [factfinder] could return a verdict for the

---

[2] FED. R. CIV. P. 56(a).
[3] *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).

nonmoving party."[4] In sum, the Court's function at the summary judgment stage is to "determine whether there is a genuine issue for trial."[5]

The moving party bears the burden to show that it is entitled to summary judgment,[6] including the burden to properly support its summary judgment motion as required by Rule 56(c).[7] Once the moving party meets its initial burden, "the burden shifts to the nonmoving party to demonstrate a genuine issue for trial on a material matter."[8] The nonmoving party may not rely solely on allegations in the pleadings, but must instead show "specific facts showing that there is a genuine issue for trial."[9]

When considering a motion for summary judgment, the Court views the record in the light most favorable to the nonmoving party.[10]

B. *Undisputed Facts*

The Court finds the following facts are not in dispute:

1. On March 7, 2011, EnTitle filed suit against Durling and other defendants in the United States District Court for the District of Colorado.

2. EnTitle asserted state law claims for breach of contract, fraudulent concealment, and fraudulent transfer.

3. On October 14, 2011, EnTitle, Durling, and the other defendants entered into a Consent Judgment.

---

[4] *Id.*
[5] *Id.* at 249.
[6] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).
[7] *Murray v. City of Tahlequah, Okla.*, 312 F.3d 1196, 1200 (10th Cir. 2002).
[8] *Concrete Works, Inc. v. City & County of Denver*, 36 F.3d 1513, 1518 (10th Cir. 1994).
[9] *Celotex*, 477 U.S. at 324.
[10] *McKibben v. Chubb*, 840 F.2d 1525, 1528 (10th Cir. 1988) (citation omitted).

4. The Consent Judgment states that the complaint filed in the District Court "alleged state law claims of (a) breach of contract, (b) fraudulent concealment, and (c) fraudulent transfer."

5. The Consent Judgment states that it "is entered into prior to a trial on the merits."

6. The Consent Judgment orders that "a consent judgment in the amount of [$3.9 million] is hereby entered against the Defendants, jointly and severally, in favor of EnTitle on the claims asserted against them."

*C. Application of Collateral Estoppel*

Having found these facts as undisputed, the Court turns to an analysis of the principles of collateral estoppel, which is also known as issue preclusion. EnTitle relies on this doctrine to argue that the Consent Judgment establishes Durling's liability on EnTitle's § 523(a) claims.

"Issue preclusion is a judicially created, equitable doctrine that operates to bar relitigation of an issue that has been finally decided by a court in a prior action."[11] The aim of the doctrine "is to protect parties from multiple lawsuits, prevent the possibility of inconsistent decisions, and conserve judicial resources."[12] The Supreme Court has stated that the principles of issue preclusion "apply in discharge exception proceedings pursuant to § 523(a)."[13]

Which preclusion law to apply depends on the forum from which the prior judgment arises. Where a party in a bankruptcy proceeding attempts to collaterally estop another party from relitigating an issue determined in a prior state court proceeding, the full faith and credit statute, 28 U.S.C. § 1738, directs the bankruptcy court "to refer to the preclusion law of the State

---

[11] *Martin v. Hauck (In re Hauck)*, 466 B.R. 151, 163 (Bankr. D. Colo. 2012).
[12] *Hill v. Putvin (In re Putvin)*, 332 B.R. 619, 624–25 (10th Cir. BAP 2005).
[13] *Grogan v. Garner*, 498 U.S. 279, 284–85 n.11 (1991).

5

in which judgment was rendered."[14] Where the judgment was rendered in a federal court, however, the bankruptcy court will apply federal preclusion law.[15] There is some dispute about whether federal or state preclusion law should be applied to a prior judgment that was, as here, rendered by a federal court sitting in diversity. In *Semtek International Inc. v. Lockheed Martin Corp.*, a case dealing with claim preclusion—as opposed to issue preclusion—the Supreme Court stated that when a federal court considers the claim-preclusive effect of a prior federal diversity judgment, it should adopt "the law that would be applied by state courts in the State in which the federal diversity court sits."[16] In *Matosantos Commercial Corp. v. Applebee's International, Inc.*,[17] an issue preclusion case, the Tenth Circuit considered the preclusive effect of a dismissal entered in the United States District Court for the District of Puerto Rico. The Tenth Circuit distinguished *Semtek*, but ultimately concluded that it could control in the issue preclusion context.[18] The *Matosantos* court therefore considered both federal collateral estoppel law and Puerto Rico collateral estoppel law, but determined that it need not decide which to apply because the result would be the same under either one.[19]

The present motion for summary judgment presents a situation similar to that in *Matosantos*. Because the Consent Judgment was entered by the United States District Court for the District of Colorado, which was sitting in diversity, this Court arguably should apply Colorado preclusion law to the Consent Judgment. But like the Tenth Circuit in *Matosantos*, the Court does not have to decide which preclusion law to apply because federal preclusion law and

---

[14] *Nichols v. Board of County Comm'rs of La Plata, Colo.*, 506 F.3d 962, 967 (10th Cir. 2007) (citing *Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 380 (1985)).
[15] *Melnor, Inc. v. Corey (In re Corey)*, 583 F.3d 1249, 1251 (10th Cir. 2009).
[16] *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 508 (2001).
[17] *Matosantos Commercial Corp. v. Applebee's Int'l, Inc.*, 245 F.3d 1203 (10th Cir. 2001).
[18] *Id*. at 1207–08.
[19] *Id*. at 1208.

Colorado preclusion law are nearly identical, and the application of one over the other would not alter the outcome.

Under Tenth Circuit law, the requirements for collateral estoppel are: "(1) the issue previously decided is identical with the one presented in the action in question, (2) the prior action has been finally adjudicated on the merits, (3) the party against whom the doctrine is invoked was a party, or in privity with a party, to the prior adjudication, and (4) the party against whom the doctrine is raised had a full and fair opportunity to litigate the issue in the prior action."[20] Although not always explicitly stated as an element of issue preclusion, federal law requires that "the issue has been 'actually litigated' in order for it to have preclusive effect."[21]

Under Colorado law, the requirements for collateral estoppel are: "(1) the issue precluded is identical to an issue actually litigated and necessarily adjudicated in the prior proceeding; (2) the party against whom estoppel was sought was a party to or was in privity with a party to the prior proceeding; (3) there was a final judgment on the merits in the prior proceeding; and (4) the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issues in the prior proceeding."[22]

Consent judgments are typically not entitled to preclusive effect because they do not satisfy the "actually litigated" requirement. "It is the general rule that issue preclusion attaches only '[w]hen an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment.'"[23] But where a judgment is "'entered by confession, consent, or default, none of the issues is actually litigated.'"[24] The Court

---

[20] *Id.* at 1207.
[21] *Kus v. Zwanziger (In re Zwanziger)*, 467 B.R. 475, 483 (10th Cir. BAP 2012).
[22] *Bebo Constr. Co. v. Mattox & O'Brien, P.C.*, 990 P.2d 78, 84–85 (Colo. 1999).
[23] *Arizona v. California*, 530 U.S. 392, 414 (2000) (quoting Restatement (Second) of Judgments § 27, p. 250 (1982)).
[24] *Id.* (quoting Restatement (Second) of Judgments § 27, comment *e*, at 257 (1982)).

continued: "'In most circumstances, it is recognized that consent agreements ordinarily are intended to preclude any further litigation on the claim presented but are not intended to preclude further litigation on any of the issues presented. Thus consent judgments ordinarily support claim preclusion but not issue preclusion.'"[25]

Under Colorado preclusion law, the "actually litigated" element requires that "'the issue must [have been] submitted for determination and then *actually determined by the adjudicatory body.*'"[26] Colorado courts have not yet determined whether a settlement agreement and consent decree are "actually determined by the adjudicatory body" for issue preclusion purposes.[27] But the Colorado Supreme Court relies on the Restatement (Second) of Judgments when formulating collateral estoppel principles.[28] As previously quoted in *Arizona v. California*, the Restatement (Second) of Judgments concludes that consent judgments do not satisfy the actually litigated requirement.

But there is an exception to the general rule that consent judgments are not usually entitled to preclusive effect. Collateral estoppel may apply to a consent judgment where the parties intend that their agreement have such an effect.[29] In *Halpern v. First Georgia Bank (In re Halpern)*, the Eleventh Circuit stated that "the central inquiry in determining the preclusive effect of a consent judgment is the intention of the parties as manifested in the judgment or other

---

[25] *Id*. (quoting 18 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 4443 (1981)).
[26] *Nichols*, 506 F.3d at 968 (quoting *Bebo Constr. Co.*, 990 P.2d at 85)).
[27] *Id*.
[28] *Id*.
[29] *See, e.g., Arizona*, 530 U.S. at 414 ("[S]ettlements ordinarily occasion no *issue preclusion* . . . unless it is clear . . . that the parties intend their agreement to have such an effect.").

evidence."[30] The Tenth Circuit does not provide much guidance on how parties manifest that intent, however.[31]

Some jurisdictions have found that parties intend a consent judgment to preclude litigation of particular issues in a subsequent proceeding where they make that intent explicit. For example, in *Shadow Factory Films Co. v. Swilley (In re Swilley)*,[32] the court found that a settlement agreement was entitled to preclusive effect where it described the judgment amount as nondischargeable, stated that the judgment was entered on one or more claims that are not dischargeable, and deemed the pleadings to be amended to assert claims that cannot be discharged in bankruptcy.

Other jurisdictions have found that parties expressed an intent to be collaterally bound by a judgment where they stipulated to specific factual findings. In *Halpern*, for example, the court found that the consent judgment was entitled to preclusive effect where it made detailed factual findings that left "little doubt as to their meaning."[33] These findings included "that [Defendant] made material misrepresentations of fact to [Plaintiff]; that [Defendant] knew the statements were false at the time they were made; and that [Defendant] made the misrepresentations with the intent to induce reliance by [Plaintiff] . . . ."[34] The consent judgment in *Halpern* went even further and stated that defendant's liability to plaintiff was "(a) for obtaining money or property by false pretenses, false representations, and actual fraud, (b) for fraud or defalcation while acting in a fiduciary capacity, and (c) for wilful and malicious injury by the Defendant to Plaintiff's property."[35] The *Halpern* court found that the factual findings were included in the

---

[30] *Halpern v. First Georgia Bank (In re Halpern)*, 810 F.2d 1061, 1064 (11th Cir. 1987).
[31] *Martin v. Hauck (In re Hauck)*, 489 B.R. 208, 214 (D. Colo. 2013).
[32] *Shadow Factory Films Co. v. Swilley (In re Swilley)*, 295 B.R. 839 (Bankr. D.S.C. 2003).
[33] *Halpern*, 810 F.2d at 1064.
[34] *Id*. at 1062.
[35] *Id*.

consent judgment "to avoid any later dispute as to the issues intended to be resolved by the judgment[,]" because the consent judgment stated that "these Findings of Fact and Conclusions of Law will collaterally estop [Defendant] from denying any of the facts or law established herein."[36]

Still other jurisdictions apply collateral estoppel to consent judgments where the parties' intent can be inferred from the words of the agreement or the record, or where the parties "reasonably could have foreseen the conclusive effect of their actions" in agreeing to the judgment.[37] In *Hauck*, the plaintiff sought summary judgment on her § 523(a)(2)(A) and (a)(4) claims based on a stipulated judgment to which she and the debtor-defendants agreed in state court. That judgment stated:

> The Court, having reviewed the Parties' Stipulation, hereby enters judgment against Defendants Gary D. Hauck and Brenda K. Hauck, jointly and severally, and in favor of Plaintiff Stephanie M. Martin in the amount of $200,000, said entry of judgment being based upon Plaintiff's 2nd Claim for Relief, **Deceit Based on Fraud,** and 4th Claim for Relief, **Civil Theft pursuant to C.R.S. § 18–4–401,** as stated in the Plaintiff's First Amended Complaint and Jury Demand, filed December 21, 2007.[38]

The bankruptcy court granted summary judgment to plaintiff, holding that the stipulated judgment operated as a final adjudication of those two claims and precluded the defendant from challenging those claims in the dischargeability context.[39] On appeal, the United States District Court for the District of Colorado affirmed, holding that while the stipulated judgment did not expressly state that the debt was nondischargeable, the defendants' stipulation to judgment on

---

[36] *Id.* at 1062, 1065.
[37] *Martin v. Hauck (In re Hauck)*, 489 B.R. 208, 214 (D. Colo. 2013) (collecting cases and quoting 1B J. MOORE, J. LUCAS & T. CURRIER, MOORE'S FEDERAL PRACTICE 794 (2d ed. 1984)).
[38] *Martin v. Hauck (In re Hauck)*, 466 B.R. 151, 158 (Bankr. D. Colo. 2012).
[39] *Id.* at 168.

two specific claims evinced their intent to stipulate to the facts alleged under those claims in the plaintiff's complaint.[40]

By contrast, the bankruptcy court in *Metropolitan Steel, Inc., v. Halversen (In re Halversen)*,[41] declined to extend preclusive effect to a consent order entered in Maryland state court. Ruling on the plaintiff's motion for summary judgment, the *Halversen* court found that the parties did not intend for the consent order to preclude the defendant from contesting the dischargeability of the judgment recited in the consent order.[42] The court also found that the consent order lacked factual findings sufficient to establish fraud.[43] Instead, it merely stated the amount of the judgment and that it was entered "upon consideration of the Complaint," which included causes of action under Maryland's Real Property Code.

The Bankruptcy Court for the Middle District of Florida considered a similar issue in the case of *Dorminy v. IRS (In re Dorminy)*.[44] There, a debtor had, prior to filing bankruptcy, agreed to a stipulated judgment with the IRS in the United States Tax Court. When the debtor filed bankruptcy, the IRS filed a complaint alleging that the debt owed to it was nondischargeable because the stipulated judgment provided for civil fraud penalties against the debtor. The IRS also alleged that the finding of fraud in the stipulated judgment collaterally estopped the debtor from challenging the dischargeability of the tax debt in bankruptcy. The bankruptcy court disagreed, finding that the stipulated judgment did not make any factual findings pertaining to fraud, nor did it contain admissions of the elements required to find fraud on the debtor's

---

[40] *Martin v. Hauck (In re Hauck)*, 489 B.R. 208, 214–16 (D. Colo. 2013).
[41] *Metropolitan Steel, Inc., v. Halversen (In re Halversen)*, 330 B.R. 291 (Bankr. M.D. Fla. 2005).
[42] *Id*. at 304.
[43] *Id*.
[44] *Dorminy v. IRS (In re Dorminy)*, 301 B.R. 599 (Bankr. M.D. Fla. 2003).

behalf.[45] Instead, the stipulated judgment only stated the tax liabilities for particular years and that certain additions to tax were due pursuant to former § 6653 of the Internal Revenue Code, which imposed penalties on taxpayers who had fraudulently underpaid their taxes.

The Court does not have to decide the precise standard by which parties must demonstrate their intent to be collaterally bound by a prior consent judgment, because EnTitle has not met its burden to show the parties' requisite intent under any of the standards discussed above. The Court notes that the Consent Judgment between EnTitle and Durling does not contain an express statement that the judgment will be nondischargeable in a subsequent bankruptcy proceeding. The Settlement and Release Agreement that preceded the entry of the Consent Judgment, however, includes a provision that imposes consequences if Durling subsequently declares bankruptcy. It states succinctly that default occurs if Durling files for federal bankruptcy protection. Nondischargeability is not a consequence of filing bankruptcy. The default provision in the Settlement Agreement evinces that the parties contemplated the possibility that Durling might seek relief under the Bankruptcy Code, but they did not—or were not able to—come to an agreement that the judgment would be nondischargeable in bankruptcy.

The Consent Judgment also does not contain a list of stipulated facts that would establish a cause of action under § 523(a). The Consent Judgment is similar to the consent order in *Halversen*, which recited the amount of the judgment and provided that it was entered "upon consideration of the complaint." Here, the Consent Judgment enters a $3.9 million judgment against Durling and the other defendants "on the claims asserted against them."

After careful consideration, this Court does not find that the Consent Judgment demonstrates the parties' intent to be collaterally bound by it in this proceeding.

---

[45] *Id*. at 604.

### III.    CONCLUSION

All elements of issue preclusion must be proved for the doctrine to apply.[46] Because the Consent Judgment fails to meet the actually litigated requirement of issue preclusion, EnTitle's argument that Durling is collaterally estopped from challenging the factual issues in the prior District Court case fails. Accordingly, EnTitle's Motion for Summary Judgment is DENIED.

A separate Order will be issued in accordance with this Memorandum Decision.

--------------------------------------------END OF DOCUMENT--------------------------------------------

---

[46] *E.g., Custom Heating & Air, Inc. v. Andress (In re Andress)*, 345 B.R. 358, 369 (Bankr. N.D. Okla. 2006).

\_\_\_\_\_ooo0ooo\_\_\_\_\_
## SERVICE LIST

Service of the foregoing **MEMORANDUM DECISION** will be effected through the Bankruptcy Noticing Center to each party listed below.

Kim R. Wilson
David L. Pinkston
P. Matthew Cox
SNOW, CHRISTENSEN & MARTINEAU
10 Exchange Place, Eleventh Floor
Post Office Box 45000
Salt Lake City, UT 84145
    *Attorneys for Plaintiff*

Adam D. Ford
Matthew B. Crane
FORD & HUFF LC
10542 South Jordan Gateway, Suite 300
South Jordan, UT 84095
    *Attorneys for Defendant*